UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN JAVIER GOMEZ
JIMENEZ,                                                   Case No. 26-10706

      Petitioner,                                   F. Kay Behm
v.                                                        U.S. District Judge

DIRECTOR, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Respondent.
_____/

## ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 7), AND ORDER REGARDING MOTION TO STRIKE (ECF No. 6)

Petitioner has filed an application to proceed without prepaying fees and costs. ECF No. 7. The court finds that application facially sufficient and **GRANTS** it.

However, Respondents have filed a motion to strike the Petition for Habeas Corpus on the grounds that a nonlawyer has filed this suit on behalf of the named petitioner, which in their view is impermissible. ECF No. 6. Thus as a preliminary matter, the court must determine whether Yusleidy Hernandez may proceed as "next friend" of Petitioner. A petition for a writ of habeas corpus must be in writing and "signed

1

and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend."  28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989).

"A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted).  Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.

To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on her own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432

(6th Cir. 1998).  The *Whitmore* Court noted that the next friend might demonstrate her dedication to the "best interests" of the real party in interest by showing "some significant relationship" with that party. *Whitmore*, 495 U.S. at 164.  The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court."  *Id.* (citations omitted).  Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  *Id.* at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)).  The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[ ] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."  *Whitmore*, 495 U.S. at 155–56 (citation omitted).

Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or

explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the court concludes that the petition adequately demonstrates that the justice system is inaccessible to Petitioner, who is detained in an ICE detention facility with limited legal resources. However, Hernandez has not demonstrated a significant relationship with Petitioner (or indicated in any way what their relationship is), and therefore that they are truly dedicated to acting in Petitioner's best interests.

Accordingly, the court will not permit, at this time, Yusleidy Hernandez to proceed as next friend to Petitioner.  Therefore, Hernandez must file a short supplemental brief or other filing indicating their relationship to Petitioner in order to proceed as next friend.  Because the only signature on the Petition is Hernandez', and not Petitioner's, the motion to strike will be granted, and this case will be closed, if Hernandez does not provide clarification in writing within 21 days.

In the alternative, **Petitioner himself may file an Amended Petition for Habeas Corpus, with his own signature, within 21 days**, and this case will proceed on the basis of that Amended Petition. Or if Petitioner obtains an attorney, or if Hernandez obtains one on Petitioner's behalf, that attorney may file an Amended Petition. Any attorney appearing on Petitioner's behalf must likewise appear within 21 days, or the court will act on the basis of the filings before it at that time.

Petitioner is also **ORDERED** to respond to Respondents' motion to vacate the order enjoining his transfer (ECF No. 8), in writing and within 21 days.

**SO ORDERED**.

Date: April 17, 2026                           s/F. Kay Behm
                                               F. Kay Behm
                                               United States District Judge